UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VERNA PILON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 7:14-cv-00928-CLS-JEO |
| | ) |
| BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on April 22, 2016, recommending the defendants' special report be treated as a motion to dismiss and further recommending that the motion be granted. (Doc. 40). Plaintiff filed objections to the report and recommendation on May 9, 2016. (Doc. 41).

In her objections, plaintiff alleges that she did not receive the Warden's response to her BP-9 until August 29, 2014, "which caused the landslide effect" of delaying her appeals. (Doc. 41 at 2, 3). The Warden signed the response to the plaintiff's BP-9 on August 14, 2014, and notified plaintiff that if she was dissatisfied with the response, she could appeal. (*Id*. at 3). The Warden noted that plaintiff's appeal must be received in the Regional Office within 20 calendar days of the date of the response. (*Id*. at 3). Accordingly, plaintiff's appeal should have been received by the Regional Office on September 3, 2014. Plaintiff's response was not received

by the Regional Office until September 25, 2014, and therefore it was denied as untimely. (Doc. 22 at 11).

Plaintiff's claim that she did not receive the Warden's response to her BP-9 until August 29, 2014 is not well taken since plaintiff alleged in her amended complaint, under penalty of perjury, that she received the Warden's response to her BP-9 on August 18, 2014. (Doc. 19 at 7). Moreover, plaintiff's time to appeal is not based on the date she received the Warden's response, but rather the date the Warden signed the response. (Doc. 41 at 3). If an inmate demonstrates a valid reason for delay, an extension in filing time may be allowed under 28 C.F.R. § 542.15(a). (Doc. 35-13, Ex. 11, Collins Decl. ¶ 5). Plaintiff does not allege that she demonstrated a valid reason for the delay. Based on the record, plaintiff simply failed to exhaust her administrative remedies within the allotted time.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court ADOPTS the report of the magistrate judge and ACCEPTS his recommendations that defendants' motion to dismiss plaintiff's second amended complaint be granted and plaintiff's second amended complaint be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust her administrative remedies.

A final order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 3rd day of August, 2017.

_____
United States District Judge